Christopher L. Cauble, OSB No. 962374
ccauble@thecaublefirm.com
CAUBLE, CAUBLE & SELVIG, LLP
111 SE Sixth St.
Grants Pass, OR 97526
Telephone: (541) 476-8825
Facsimile: (541) 471-1704

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **EILEEN FAST,** | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **COASTAL JOURNEYS UNLIMITED INC., CAROL UNSER, ROGER UNSER, ANGELS MANAGEMENT INC. dba GOLD BEACH RESORT,** and **ELDERHOSTEL INC. dba ROAD SCHOLAR,** | |
| Defendants. | |

Comes now the plaintiff and alleges as follows:

1.

Plaintiff is 68 years old and is a resident of Florida. At the time of the events leading to this case, Plaintiff was traveling on the Oregon Coast.

2.

Defendant Coastal Journeys Unlimited, Inc. ("Coastal Journeys") is an Oregon company headquartered in Lane County, Oregon. Coastal Journeys Unlimited operates bus tours of the Oregon Coast and arranges accommodations for those tours.

3.

Defendants Roger Unser and Carol Unser are husband and wife and are owners and operators of Coastal Journeys Unlimited, Inc. They are residents of Lane County, Oregon.

Page 1 –**COMPLAINT**

4.

Defendant Angels Management, Inc. is a California corporation with headquarters in Oregon. It is the owner and operator of the Gold Beach Resort, a hotel located in Gold Beach, Oregon. Angel's Management, Inc. does business under the name Gold Beach Resort.

5.

Defendant Elderhostel, Inc. (Elderhostel). is a Massachusetts corporation which markets, sells and facilitates educational tours around the world for elderly persons. It is headquartered in Boston, Massachusetts. Elderhostle, Inc. does business under the name Road Scholar.

6.

This court has jurisdiction pursuant to 28 USC Sec 1332 as complete diversity exists between Plaintiff and Defendants and the amount in controversy is in excess of $75,000.00. Jurisdiction and venue is proper in the District of Oregon because the events giving rise to this claim took place in the District of Oregon. The Defendants are residents of Oregon, maintain headquarters in Oregon, or regularly do business in Oregon. Venue is proper in the District of Oregon, Eugene Division because several of the defendants live in Lane County, Oregon.

7.

In September of 2015, Plaintiff purchased a ticket for a bus tour of the Oregon Coast and Southern Oregon from Defendant Elderhostel, who does business under the name Road Scholar. Elderhostel contracted with Defendant Coastal Journeys and its owners Defendants Carol and Roger Unser to operate the tour. Plaintiff paid Elderhostel $2,149 dollars for the tour. The tour was scheduled to last ten days, from September 18, 2015 to September 27, 2015. Approximately 40 people besides Plaintiff were also on the tour, almost all of them were elderly.

8.

On or about September 21, 2015, Plaintiff was traveling on the Road Scholar bus tour operated by Coastal Journeys. The tour was personally operated and led by Defendants Carol

///

//          \

Page 2 –**COMPLAINT**

Unser and Roger Unser. In the early evening, the tour stopped for the night at the Gold Beach Resort in Gold Beach, Oregon.

9.

Gold Beach Resort was chosen by Carol Unser and Roger Unser and was a pre-established one night stop on the Road Scholar tour. Payment for the hotel room was included in the $2,149 dollars Plaintiff paid to Elderhostel for the tour.

CLAIM FOR RELIEF

(Negligence)

10.

Plaintiff re-alleges paragraphs 1-9 of this complaint as if fully stated herein.

11.

Throughout the tour, tour leader Defendant Carol Unser was visibly infirmed and restricted in her movements and activities. She rarely left the bus unless absolutely necessary and when she did have to walk, she relied on large two walking sticks to allow her to move slowly.

12.

Defendant Carol Unser did not lead the tour in a normal fashion because of these restrictions. At many tour stops, both Carol Unser and Roger Unser gave little or no directions to the tour customers about where they should go to find their accommodations or scheduled activities.

13.

Defendant Elderhostel was aware or should have been aware that tour leader Carol Unser was infirmed and unable to properly lead the tour.

14.

On or about September 21, 2015, when the Coastal Journeys tour bus stopped at the Gold

///

Page 3 – **COMPLAINT**

Beach Resort, the tour bus parked several hundred feet away from the hotel lobby. Rather than lead the group of approximately 40 elderly people to the lobby or their rooms, Carol and Roger Unser remained on the bus and Carol Unser called out individual customer's names to come to the front of the bus, retrieve their room key from Carol Unser, and then exit the bus and find their own rooms.

15.

Plaintiff was one of the last names to be called by Carol Unser, and one of the last customers to exit the bus. Before exiting the bus, Plaintiff asked Carol Unser where Plaintiff's room was located. Carol Unser told Plaintiff that she did not know, and that Plaintiff would have to ask someone on the hotel staff.

16.

When Plaintiff exited the bus, the rest of the tour customers were milling around in a large dense group in the parking lot of the Gold Beach Resort. Customers were waiting for the bus driver to unload their luggage from the bus and also for the hotel staff to direct them to their individual rooms.

17.

While attempting to move through this dense crowd of confused tour customers, Plaintiff tripped over a concrete parking stopper in the parking lot and fell, striking her shoulder on the ground. Plaintiff could not see the parking stopper because of the crowd of people immediately in front of her. There were no signs indicating any dangers in the parking lot and no one from Coastal Journeys or the Gold Beach Resort told her to watch her step or directed her where to go upon exiting the bus.

18.

Plaintiff was severely injured by the fall and required immediate medical attention. Staff from the Gold Beach Resort called for an ambulance which took Plaintiff to a local hospital. Neither Roger Unser, Carol Unser, nor anyone else from Coastal Journeys provided any aid to Plaintiff after she was injured.

19.

Defendants Elderhostel, Coastal Journeys, Roger Unser, and Carol Unser are common carriers under federal law. As such, Defendants must act with the highest degree of care and skill practicable for them to exercise in protecting their customers from harm. By their conduct alleged above, Defendants have breached this duty and have negligently caused foreseeable harm to Plaintiff.

20.

Defendant Angels Management Inc., who does business as Gold Beach Resort, is an innkeeper. As such, Defendant owes a heightened duty to its customers to protect them from unreasonable risks of physical harm. By its conduct alleged above, Defendant has breached this duty and has negligently caused foreseeable harm to Plaintiff.

21.

As a result of Defendants' negligence, Plaintiff's left shoulder was broken in four places and would not heal absent immediate invasive, expensive and painful surgery. On October 3, 2015 Plaintiff underwent an operation for a complete reverse shoulder replacement. Despite the successful surgery, Plaintiff will never regain full use of her left arm. Plaintiff will be severely restricted in activities which require use of her left arm for the rest of her life. In addition, Plaintiff will likely suffer pain in her left shoulder for the rest of her life.

22.

As a result of Defendant's negligence, Plaintiff has incurred medical expenses which total $84,447.75 dollars. In addition, Plaintiff will require physical therapy and additional medical care for her shoulder which will cost approximately $50,000.00 dollars, or an amount to be proven at trial. Plaintiff is also entitled to recover non-economic damages for her pain and anguish and compensation for the lifelong limitation of movement in her left arm in the amount of $750,000.00 dollars.

////

///

WHEREFORE, Plaintiff requests the following relief:

1. Damages in the amount of $884,447.75, or an amount to be proven at trial on Plaintiff's claim for relief.

2. Such other relief deemed just and equitable.

DATED this 13th day of January, 2016.

CAUBLE, CAUBLE & SELVIG, LLP

By: *s/Christopher L. Cauble*
Christopher L. Cauble, OSB No. 962374
CAUBLE, CAUBLE & SELVIG, LLP
111 SE Sixth St.
Grants Pass, OR 97526
Telephone: (541) 476-8825
Facsimile: (541) 471-1704
Of Attorneys for Plaintiff