IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EILEEN FAST,

    Plaintiff,

v.

COASTAL JOURNEYS UNLIMITED, INC., CAROL UNSER, ROGER UNSER, ANGELS MANAGEMENT, INC. dba GOLD BEACH RESORT, and ELDERHOSTEL, INC. dba ROAD SCHOLAR,

    Defendants.

Civ. No. 6:16-cv-00060-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Eileen Fast, a Florida resident, suffered extensive shoulder injuries after tripping on a parking block while touring the Oregon Coast. This occurred shortly after Fast departed her tour bus in the Gold Beach Resort parking lot. At the time, Fast was a member of a tour group booked through Defendant Elderhostel, Inc., which was led by Defendant Coastal Journeys Unlimited, Inc., which is owned by Defendants Carol and Roger Unser (collectively, "Tour Defendants"). Fast brings this negligence action seeking relief in the amount of $884,447.75.

Tour Defendants move to dismiss Fast's claims against them on the basis that she has failed to allege a legal duty or breach of that duty, both of which are imperative to a negligence claim. Because I find that Fast has failed to plausibly allege that Tour Defendants had a duty to warn her of the existence of parking blocks in the Gold Beach Resort Parking lot or that Tour Defendants had a duty to prevent a crowd from gathering in the parking lot, Tour Defendants' motion is GRANTED.

OPINION AND ORDER – 1

## FACTUAL BACKGROUND[1]

In September 2015, Fast booked a ten day bus tour of the Oregon coast with Tour Defendants, which was personally led by Defendants Carol and Roger Unser. Complaint, ¶¶ 7–8, ECF No. 1. The private tour included forty mostly elderly individuals and took place from September 18, 2015, through September 27, 2015. *Id.* Fast paid $2,149.00 for the tour. *Id.* ¶ 9.

Fast's tour bus arrived at Gold Beach Resort on September 21, 2015. *Id.* ¶ 8. The tour participants were released individually by Defendant Carol Unser, who called them by name, gave them their room key, and instructed them to exit the tour bus. *Id.* ¶ 14. Fast departed the bus and joined the other tour participants who were "milling around in a large dense group in the parking lot of the Gold Beach Resort" while waiting for the bus driver to unload luggage. *Id.* ¶ 16.

While walking through the group of participants, Fast tripped and fell on a concrete parking block, incurring substantial shoulder injuries. *Id.* ¶ 17.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the supporting factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

---

[1] In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997). I review the facts alleged by Fast in light of this standard.

OPINION AND ORDER – 2

## DISCUSSION

Tour Defendants' liability in this case turns on whether they owed a duty to Fast concerning her safety in the Gold Beach Resort parking lot. Accordingly, Tour Defendants' motion hinges on whether Fast has pled plausible allegations giving rise to such a duty. Fast has not done so. I briefly address the contested sources of a duty below.

### I.   Common Carrier Liability

The parties dispute whether Tour Defendants are "common carriers" under the statutory or common law definition of that phrase. If, as Fast alleges, Tour Defendants were indeed common carriers for the purposes of the tour, then they would owe "passengers the highest degree of care and skill practicable . . . to exercise." *Brant v. Tri-Met,* 230 Or. App. 97, 103, 213 P.3d 869 (2009). This would confer upon Tour Defendants a duty to allow passengers to safely alight from the tour bus and to provide assistance if so requested. *Deason v. Tri-Met,* 241 Or. App. 510, 515, 251 P.3d 779 (2011).

Under the facts of this case, I need not resolve whether Tour Defendants are common carriers because, even if they are, Fast has not plausibly alleged that Tour Defendants failed to allow her to safely alight from the tour bus. Fast alleges that, upon exiting the tour bus without incident, she was "attempting to move through [a] dense crowd of confused tour customers" within the Gold Beach Resort parking lot, where she subsequently tripped over the parking block. Complaint, ¶ 17, ECF No. 1. Fast's own allegations show that she safely alighted the tour bus.

A common carrier must additionally "furnish . . . a safe *place* in which to alight," under *Lewis v. Pacific Greyhound Lines, Inc.*, 147 Or. 588 (1933) (emphasis added). To the extent Fast argues that the Gold Beach Resort parking lot was unsafe, nothing in the complaint indicates an unusual lack of safety, save for there being approximately 40 people waiting for luggage or on

OPINION AND ORDER – 3

their way to the resort hotel.[2] Fast does not argue, nor does the law support, that a common carrier is responsible for the subsequent actions of adult passengers. I decline to rule that allowing safely departed passengers to remain in an area near the transport vehicle, even if some of those passengers are waiting for luggage, would somehow breach the "safely alight" duty of common carriers.

## II. Failure to Warn Liability

Alternatively, Fast argues in her response that Tour Defendants were aware of the parking block and are therefore liable because they did not warn Fast. I note that Fast does not allege that Tour Defendants made any verbal or contractual assurance of tour participants' safety during the trip, nor does Fast allege that Tour Defendants promise special support for elderly tour participants either aboard the tour bus or otherwise.

The parties dispute whether Tour Defendants were aware of the existence of the parking blocks in the parking lot. Fast argues, without legal or factual support, that "Tour Defendants had a duty to warn their customers of the known danger." Response, 5, ECF No. 26. Fast also argues that Tour Defendants "had a duty not to conceal the danger from their customers through negligent conduct." *Id.* at 5–6.

Fast does not allege in her Complaint that the Tour Defendants knew of the parking block, nor does she allege that Tour Defendants concealed the parking block. Instead, Fast alleges that the chosen order of dismissing tour participants and then providing them with their luggage prior to their individual departure to reach their rooms somehow created a duty that was then breached when Fast did not see the parking block over which she tripped. This creates no

---

[2] While creative, I find no plausible allegations of duty or breach arising from Fast's argument that "Tour Defendants created a condition immediately outside of the bus, and then exerted control over the time and manner of [Fast] exiting the bus which caused [her] injuries." Response, 7, ECF No. 26. The mere fact that individuals who had already exited the bus crowded near it in a parking lot does not give rise to a plausible allegation of a breach of even heightened common carrier duties.

OPINION AND ORDER – 4

plausible claim to relief. Further, Fast does not allege a duty, nor do I find one in common law, obligating Tour Defendants to warn Fast of potential tripping hazards in a parking lot they do not own or control.

## CONCLUSION

Based on the foregoing, Tour Defendants' Motion to Dismiss, ECF No. 23, is GRANTED and Fast's claims against those defendants are DISMISSED.

IT IS SO ORDERED.

Dated this **16** day of March, 2016.

Michael McShane
United States District Judge